UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.                                          Case No:   6:16-cv-1333-Orl-40TBS

MAD ENTERPRISE GROUP, LLC and
HOWARD SCOTT BASSUK,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff Ford Motor Company's Verified Motion for Prejudgment Writ of Garnishment (Doc. 8). Plaintiff moves for an order issuing a prejudgment writ of garnishment against monies owed to Defendant MAD Enterprise Group, LLC d/b/a MAD Enterprises Group LLC ("MAD Enterprises") that are in the possession of an independent Ford dealership, Sun State Ford, Inc. ("Sun State"). Ford contends that MAD Enterprises owes Ford in excess of $2,758,252.00 as damages for breach of a contractual agreement between them. Ford alleges that Sun State currently has $177,910.53 in monies belonging to MAD Enterprises that Sun State holds as a deposit for purchases cancelled as a result of MAD Enterprises' violation of the contractual agreement with Ford. Ford seeks a writ of garnishment to secure the $177,910.53 currently held by Sun State.

Rule 64 of the Federal Rules of Civil Procedure provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64. Florida law provides that

service of a writ of garnishment effectuates the process whereby a plaintiff takes the defendant's place and is substituted for the defendant in an action against a garnishee. See Oper v. Air Control Products, Inc. of Miami, 174 S. 2d 561, 563 n.1 (Fla. 3d DCA 1965). In Florida, a prejudgment writ of garnishment is available to secure the money judgment a party expects to recover. See Garel & Jacobs, P.A. v. Wick, 683 So. 2d 184, 186 (Fla. 3d DCA 1996); Pleasant Valley Farms v. Carl, 106 So. 2d 427, 429 (Fla. 1925) ("The plaintiff secures by the garnishment the right to have the debt owed by the garnishee to the defendant paid by the garnishee upon the plaintiff's judgment against the defendant instead of him.").

Section 77.031, Florida Statutes, provides that in order to obtain issuance of a prejudgment writ of garnishment, a plaintiff must:

> file in the court where the action is pending a verified motion or affidavit alleging by specific facts the nature of the cause of action; the amount of the debt and that the debt for which the plaintiff sues is just, due, and unpaid; that the garnishment is not sued out to injure either the defendant or the garnishee; and that the plaintiff believes that the defendant will not have in his or her possession, after execution is issued, tangible or intangible property in this state and in the county in which the action is pending on which a levy can be made sufficient to satisfy the plaintiff's claim.

Fla. Stat. § 77.031(2). Additionally, the plaintiff must post "a bond with surety to be approved by the clerk payable to the defendant in at least double the amount of the debt demanded." FLA. STAT. § 77.031(3). Ford represents that upon issuance of the writ it will file a bond in the amount of $355,822.00.

Upon consideration of the motion the Court finds that Ford has satisfied the requirements of Section 77.031 and issuance of the writ of garnishment is proper. Accordingly, is it **ORDERED** that:

    (1) Plaintiff's Verified Motion for Prejudgment Writ of Garnishment (Doc. 8) is **GRANTED**.

    (2) Plaintiff shall post a bond with the Clerk of Court in the amount of $355,822.00, payable to MAD Enterprises. The condition of the bond is to pay all costs, damages, and attorney's fees that MAD Enterprises sustains in consequence of Plaintiff's improperly suing out the writ of garnishment.

    (3) Upon receipt of the bond in the amount of $355,822.00, the Clerk is **DIRECTED** to **ISSUE** the writ found at docket entry 8-3.

    **DONE** and **ORDERED** in Orlando, Florida on September 7, 2016.

*[Signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record