UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.                                         Case No: 6:16-cv-1333-Orl-40TBS

MAD ENTERPRISE GROUP, LLC and
HOWARD SCOTT BASSUK,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion to Determine Amount of Attorneys' Fees (Doc. 65). Although the motion states that the relief is opposed, Defendants have filed no response and the time for doing so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). Now, the Court proceeds on the basis that this motion is unopposed. Upon review, the motion is **GRANTED.**

## Background

As set forth in prior Order (Doc. 63), Plaintiff, Ford Motor Company, served

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

Defendants with its First Interrogatories and Requests for Production on November 23, 2016 (See Doc. 45). Defendants, through counsel, sought and received from Ford several extensions of time in which to respond to this discovery. Pursuant to the third extension of time, Defendants' responses were due on February 6, 2017 (Id.). Shortly thereafter, defense counsel successfully moved to withdraw (Docs. 44, 47, 48, 51).

Asserting that Defendants failed to provide discovery in accordance with the extended deadline, Ford filed a motion to compel (Doc. 45). Neither Defendant filed any response to that motion. As Defendants failed to respond to the discovery requests and offered no objection to the relief sought, the motion was granted, in part, on March 7, and Defendants were ordered to answer the interrogatories and respond to the requests for production within fourteen days of that date (Doc. 52). Defendants were "cautioned that failure to timely comply with the terms of this Order will result in the imposition of sanctions, which may include monetary sanctions or the striking of pleadings and entry of default." (Id.).

Defendants failed to comply with the Order and Ford filed a Motion to Strike Defendants' Pleadings (Doc. 55). On review of the motion, the Court issued an Order to Show Cause why Defendants Mad Enterprise Group, LLC and Howard Scott Bassuk should not be held in civil contempt and sanctions should not be imposed for failing to comply with the Court's March 7, 2017 Order (Doc. 57). A hearing was held and Defendants, through new counsel, appeared (Doc. 62). Following hearing, the Court granted the Motion to Strike "to the extent it seeks the imposition of sanctions and to the extent it seeks an award of attorney's fees and costs pursuant to Rule 37(b)(2)(c)" and determined that Ford "is entitled to an award of attorney's fees and costs in connection with the filing of the motion to compel, the motion to strike, and the show cause hearing."

(Doc. 63 at 2). The Court directed the parties to confer in an effort to reach a stipulated amount and to file either a stipulation or a motion for fees and costs within fourteen days. The instant motion timely followed.

## Discussion

The Court has already determined that Ford is entitled to a fee award and the only matter still at issue is the amount. Federal courts apply the "lodestar" method for calculating attorneys' fees, multiplying a reasonable hourly rate by a reasonable number of hours expended. See Blum v. Stenson, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1994); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299 (citing Blum, 465 U.S. at 895-96 n. 11).

In determining what is a reasonable fee, the Court is mindful of the factors identified in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974),[2] namely: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[2] Johnson was overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F. 2d at 1303. An applicant may meet his or her burden by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates. Norman, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the value of an attorney's services. Id. at 1303. With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434.

Ford seeks an award of fees in the amount of $3,480.[3] As support for this award, Ford filed the affidavit of its counsel, John R. Reid, Jr. (Doc 65-4), and biographical information on the attorneys who billed time on this matter on behalf of Ford (Docs. 65-5, 65-6 and 65-7). According to the filings, the following professionals performed compensable services:

1. Partner M. Gary Toole was admitted to the Florida Bar in 1987. His hourly rate is $235.00, and he billed $399.50 for 1.7 hours in connection with the motion to compel and motion to strike.

2. Partner John R. Reid, Jr., Esq., was admitted to the Florida bar in 1994. His hourly rate is $215.00, and he billed $861.00 for 4 hours in connection with the motion to compel and motion to strike.

---

[3] Ford is not seeking any costs related to the motions.

3. Associate Colby Nicole Ferris was admitted to the Florida Bar in 2010. Her hourly rate is $145.00, and she billed $2,189.50 for 15.1 hours in connection with the motion to compel and motion to strike.[4]

4. Paralegal Crystal Padilla's hourly rate is $75.00, and she billed $30.00 for .4 hours in connection with the motion to compel and motion to strike.

Upon review, I find the amount of hours to be reasonable. The majority of the work was performed at the associate level and, although timesheets were not submitted, the total amount of hours expended is well within the range of an appropriate amount of time for prosecution of discovery motions and attendance at a hearing in federal court. As for the reasonableness of the rates, the biographical information provided establishes that Mr. Toole and Mr. Reid are seasoned counsel and their rates are below those charged for partner level work in recent federal cases in this district. See, e.g., Holloway v. City of Orlando, No. 6:15CV129ORL40GJK, 2017 WL 397471, at *1 (M.D. Fla. Jan. 30, 2017) ($285 per hour for partner level work in civil rights case). Similarly, Ms. Ferris' rate is consistent with that charged for new lawyers in this area and well within the range of appropriate fees for counsel of her experience. See, e.g., Delta Air Lines, Inc. v. Sotolongo, No. 6:15CV2079ORL31TBS, 2017 WL 990602, at *6 (M.D. Fla. Feb. 24, 2017), *report and recommendation adopted*, No. 6:15CV2079ORL31TBS, 2017 WL 979074 (M.D. Fla. Mar. 14, 2017) ("at $250 per hour, the Court has no difficulty concluding that this rate is reasonable in this legal community for similar work, even if performed by relatively inexperienced counsel."). The paralegal rate is inherently reasonable.

---

[4] The memorandum contains a typographical error: "Ms. Ferris' hourly rate is $145.00, and she billed 15.1 hours for a total of $1,189.50 . . ." (Doc. 65 at 6). The Court relies instead on the sworn Affidavit, which provides that Ms. Ferris billed $2,189.50 (Doc. 65-4 at 2), which is mathematically correct.

Absent objection and on the merits, the motion is **GRANTED.** Plaintiff is awarded and shall recover from Defendants Mad Enterprise Group, LLC and Howard Scott Bassuk, jointly and severally, attorney's fees in the amount of $3,480.00. If this amount is not promptly paid, then upon request from Ford, the Court will direct the entry of judgment for this sum.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record